```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF INDIANA
                             HAMMOND DIVISION


FARZANA K., M.D., Individually    )
and as next friend of S.K.,       )
a minor,                          )
                                  )
Plaintiff,                        )
                                  )
vs.                               )     NO. 2:05-CV-266
                                  )
INDIANA DEPT. OF EDUCATION,       )
et al.,                           )
                                  )
Defendants.                       )
```

## OPINION AND ORDER

This matter is before the Court on the Second Motion to Dismiss, filed by Defendant, Indiana Department of Education, on May 10, 2006. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

Plaintiff, Farzana K.. M.D., Individually and as next friend of S.K., a minor, claims Defendant, Indiana Department of Education ("IDOE"), as well other Defendants deprived her minor son, S.K., of a free appropriate public education ("FAPE"), in violation of the Individuals with Disabilities in Education Act ("IDEA"), and other federal statutes, and were also violating a settlement agreement entered into between the parties. After unsuccessfully pursuing her administrative remedies, Plaintiff brought a 13-count complaint

against the Defendants seeking judicial review of the administrative rulings and also due to IDOE's alleged failures to coordinate interagency agreements.

On December 20, 2005, this Court dismissed all but Count XII of the Complaint due to Plaintiff's failure to timely file her petition for judicial review of the administrative proceedings.  Count XII, brought only against IDOE, alleges the IDOE failed to establish the interagency coordination required by the IDEA.  In Count XII, Plaintiff seeks, among other things, to "[o]rder that IDOE enter into interagency agreements . . . to ensure that IDOE and other public agencies act in a coordinated manner to provide services required to provide a FAPE in the LRE."  (Compl. p. 35. subpar. 8).  The IDOE has moved to dismiss this remaining count, arguing that Plaintiff does not have standing to pursue this count now that the others have been dismissed and also claiming that the remaining count is moot.  These will be addressed in turn.

DISCUSSION

For the purpose of analyzing Defendant's Rule 12(b)(1) claims, the following standards apply.  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction.  Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir.

1986).  When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met.  *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists.  *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

To the extent Defendants' claims are under Rule 12(b)(6), the Court will apply the following guidelines.  The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).  A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss."  *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).  A complaint need not plead law or be tied to one legal theory.  *LaPorte County*

*Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)).  A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case.  *Id.*

### Standing

IDOE argues that Plaintiff lacks Article III standing to pursue Count XII now that the remaining counts of the complaint have been dismissed.  Under Article III of the U.S. Constitution, the federal judicial power extends only to "cases" or "controversies."  This constitutional limitation on standing eliminates cases wherein a plaintiff is unable to demonstrate a "case or controversy" between himself and the defendant.  *Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396, 1403 (7th Cir. 1993).  To satisfy Article III, at the pleading stage, a plaintiff must allege: (1) an immediate threat of injury; (2) fairly traceable to the defendant's conduct; that (3) a favorable federal court decision likely would redress or remedy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992)(noting that the party invoking federal jurisdiction has the burden to establish these elements, but at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice).  The Seventh Circuit has noted that the Article III standing

-4-

requirements are determined at the commencement of suit and are rather "undemanding." *Wisconsin Right to Life v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004); *North Shore Gas Co. v. E.P.A.*, 930 F.2d 1239, 1242 (7th Cir. 1991).

At the time suit was commenced all of the counts were pending. Thus, there is no question Plaintiff had standing to pursue Count XII at the time the suit was commenced. What Plaintiff argues is that, now that all but Count XII is dismissed and due to the change in relationship between the parties, Plaintiff cannot maintain Count XII. Such an argument is more appropriately couched in an analysis of mootness. *Id.* ("[m]ootness is often described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'")(citations omitted).

<u>Mootness</u>

As the U.S. Constitution only gives federal courts power to adjudicate "actual, ongoing, controversies," *Honig v. Doe*, 484 U.S., 305, 317 (1988), a federal court "has no authority to give opinions upon moot questions." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). Thus, if at any time during the litigation, an event occurs which renders it impossible for the court to provide "any effectual relief whatever," the case must be dismissed as moot. *Id*.

In analyzing whether this case is moot, the Court must consider

the changes that have occurred since the filing of the complaint to date.  The changes that have occurred are two fold.  First, Plaintiff's counts in the complaint requesting judicial review of the administrative rulings have been denied.  Second, as a result of this denial, S.K. is now receiving a current and funded IEP in compliance with the final order issued by the Board of Special Education Appeals.  Nevertheless, Plaintiff argues that S.K. has been denied a FAPE due to the IDOE's lack of interagency agreements.

The Court is unconvinced that this change in relationship between the parties makes Count XII moot.  Courts have held that alleged deficient interagency agreements constitute an injury under the standing analysis.  *See Fetto v. Sergi*, 181 F. Supp. 2d 53, 66 (D. Conn. 2001).  Moreover, it is worthy to note that courts have resolved issues regarding the development and implementation of interagency agreements, as required by 20 U.S.C. section 1413(a)(13), independent from administrative appeals.  *See, e.g., Ciresoli v. Martin*, 901 F. Supp. 378, 387-88 (D. Maine 1995)(affirming the administrative decision in favor of the school district, but finding that the state department of education did not comply with 20 U.S.C. section 1413(a)(13)).  Thus, the Court is not left with the firm and definite conviction that Plaintiff cannot maintain a sole count against IDOE for lack of interagency agreements.

Indeed, because S.K. is thirteen years old and continues to be a part of the state special education system, there can be a live

controversy between Plaintiff and IDOE regarding a lack of interagency agreements.  *Cf. Fetto*, 181 F. Supp. 2d at 67(finding that because plaintiff has reached the age of 22 and was not part of the state education system, there could be no live controversy).  Assuming that the IDOE has failed and continues to fail to implement interagency agreements as required, S.K. has a realistic chance of being harmed by such failures under any IEP.  *See, e.g., Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 598-99 (7th Cir. 2006)(noting that challenges to IEP presumably meet the first prong of the exception to the mootness doctrine for "wrongs capable of repetition, yet evading review.").

Simply, at this stage in the proceedings, it is impossible to say — as a matter of law — that S.K. can not be injured due the alleged failure of IDOE to implement interagency agreements, or that such injury could not be averted by a judicial decision.

CONCLUSION

For the reasons set forth above, Defendant's Second Motion to Dismiss is **DENIED**.

**DATED:  October 13, 2006**         /s/RUDY LOZANO, Judge
                                     **United States District Court**